[No. 27722.   Department One.   November 29, 1939.]

FLORA L. G. MILLER, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*W. H. Sibbald*, for appellant.

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants*, for respondent.

[1]Reported in 96 P. (2d) 579.

Main, J.—This is an appeal from a judgment of the superior court sustaining the department of labor and industries in disallowing a widow's claim for pension.

Woodson Miller, the husband of the claimant, suffered an injury while engaged in extrahazardous work, for which he filed a claim for time loss. The claim was disallowed by the supervisor of industrial insurance, and he appealed to the joint board. While the claim was pending there, Mr. Miller died, the cause of death being nephritis, generally called Bright's disease. Flora L. G. Miller, the widow, was substituted as claimant. The claim was rejected by the department, and an appeal was taken to the superior court, where the cause was tried to a jury, with the result that the jury found that the death was due to the accident. Judgment was entered upon the verdict, directing the department to find the time loss. From this judgment, no appeal was taken. Subsequently, the department found the time loss and paid the same to the estate of the deceased.

While that cause was pending, the widow filed a claim for a pension. This claim was rejected by the department, and she appealed to the superior court, where the case was tried, upon the departmental record, to the court without a jury, and the ruling of the department was sustained. From the judgment of the superior court, the widow appealed.

The question in this case is whether the injury which the husband sustained was caused by the accident or was the result of Bright's disease, which the accident caused to be lighted up and made active. In support of this contention, the appellant called three doctors. One of them testified that there may have been a connection between the injury and the Bright's disease; another, that there probably was; and a third, that there could have been. The department called

three doctors, and each of them testified that there was not, and could not have been, any connection between the injury and the death. The decision of the department is *prima facie* correct, and the burden is upon the party attacking the same. After considering the evidence, we are clear that the appellant in this case did not sustain that burden.

However, the appellant says that the judgment entered upon the verdict of the jury, directing the department to find the amount of the time loss and pay the same, which was not appealed from, is *res judicata* in this case. This contention is without foundation in law, because the widow's claim is entirely different from the claim for time loss, and the parties are not the same. In this case, Mrs. Miller was a claimant for the widow's pension; in the other, the husband was the claimant for time loss.

The judgment will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.